IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
ABERDEEN DIVISION

**BILLY M. LAUDERDALE**                                                    **PLAINTIFF**

**V.**                                      **NO.: 1:20-cv-83-JMV**

**ANDREW M. SAUL**
*Commissioner of Social Security*                                       **DEFENDANT**

**MEMORANDUM OPINION**

      This matter is before the court following the Appeals Council denial of plaintiff's request for review, making the ALJ's decision of not disabled, rendered on June 5, 2019, "final" for these purposes under 42 U.S.C. § 405(g). For the reasons discussed at the hearing today and outlined below, the decision is reversed. On remand, the entirety of the medical records for the relevant period, including the MRI or the upper right extremity, and Dr Dennis's medical source statement shall be reviewed by a medical professional and a function-by-function analysis provided.

      The plaintiff, born in 1963, alleges disability due to diabetes, peripheral neuropathy, left-hip replacement, and neck and shoulder problems beginning October 5, 2015. The plaintiff was treated at Booneville Community Health Center on several occasions in July 2016, for, among others, chronic joint pain in more than one joint, and numbness and tingling of the right upper extremity. The next month he reported generalized pain, fatigue, neck pain, hacking cough, nausea, urinary frequency, increased thirst, excessive sweating, weakness, back pain, hip pain, memory lapses, tingling in legs and feet, burning sensation in both feet and both legs, and numbness in both feet. Exam revealed overall pain in both feet and both legs. The assessment was as follows: hypertensive heart disease without heart failure, benign essential hypertension, obesity, and pain in feet and toes. T. 306-11. The lab work showed glucose level high at 256, hemoglobin A1C level high at 11.6. There was a physical finding of pain in bilateral feet at a level 5. T. 332.

Two weeks later he reported worsening vision with episodes of total vision loss for a few seconds, feeling like he is going to pass out, and continues to report urinary frequency, chronic low back pain, chronic joint pain in more than one joint, and numbness and tingling of the right upper extremity and feet. Exam revealed blood pressure of 117/84, height 73 inches, and weight 358 pounds. Diagnoses: type II diabetes with hyperglycemia, other specified polyneuropathies, hypertensive heart disease without heart failure, dorsalgia, and syncope syndrome. Abnormal urine glucose. T. 312-315 and 339-40.

In December 2016, Plaintiff underwent a consultative examination by Dr. Robert Shearin: Dr. Shearin noted uncontrolled diabetes with symptoms and findings on exam of peripheral polyneuropathy in both feet, right shoulder pain with decreased range of motion, morbid obesity, and hypertension. Plaintiff's gait was slightly antalgic, favoring his left leg. He was able to walk on his heels and toes, walk heel to toe without stumbling, squat, and rise from squatting position without loss of balance. Tenderness to gentle percussion was noted over the lumbar spine. Range of motion of the cervical spine was decreased with forward flexion, extension, lateral flexion, and rotation. At the waist, range of motion was decreased with forward flexion, extension, lateral flexion, and rotation. Left shoulder examination revealed tenderness and decreased flexion and abduction. Hip pain is elicited with flexion and abduction on the left with internal rotation. Deep tendon reflexes were 0/4 at the right wrist, 1/4 at the left wrist, 1/4 at the elbows, 1/4 at the knees, and 1/4 at the ankles. Sensation to light touch was present and equal over the lower extremities. Sensation to vibration was absent in the right ankle and below. It was present in the left ankle, but absent in the left toes. Sensation to pinprick was absent below the right mid-foot and below 1 inch above his left toes. Full range of motion in his right shoulder with no tenderness. In Dr. Shearin's

opinion, Plaintiff appeared only capable walking 150 feet or less at one time, but he could lift carry and handle objects. He added "[e]valuation of his right shoulder may be helpful…" T. 303.

Plaintiff then continued treatment a t Booneville Community Health Center through August 1, 2017. On January 26, 2017 he reported pain, burning sensation, and swelling in both feet. Switched medications due to cost. Exam revealed bilateral distal lower extremity redness and swelling with 1+ edema in bilateral feet, ankles, and distal lower legs. Hemoglobin A1C abnormal 7.4. Physical finding of pain level 6 in feet. T. 316-19 and 337.

On April 17, 2017, he reported left arm pain, bilateral knee, ankle, and foot pain, and tingling of the fingers on the left hand. Exam revealed left forearm pain, pain in the left ankle joint, pain in both feet, and sensory disturbances. Blood pressure was 90/66. Diagnoses: diabetes with hyperglycemia, hypertension, and neuropathy. Physical finding of pain level 3 in feet and ankles T. 320-325. Generalized and chronic pain. Hemoglobin A1C high at 8.5. T. 326-331 and 338.

Plaintiff was next treated by Dr. Laurence Dennis at Northeast Mississippi Internal Medicine beginning at least February 1, 2018, though in a medical source statement, Dr. Dennis noted he had treated Plaintiff for the past 23 years. The record indicates ongoing treatment through March 26, 2019. (Pages 341-386). The following is a summary of those visits: Sugars still high at home readings. No longer qualifies for free medicine with assistance program. Frequent fatigue and diaphoresis. Chronic low back pain and lower extremity pain. Filing for disability due to chronic pain. T. 351-53. Elevated blood sugar readings at home. Still having cramps and edema. Lab work: BUN high at 38, CREAT high at 1.6, GLU high at 213. Diagnoses: controlled essential hypertension, diabetes with unspecified complications, low back pain, bilateral primary osteoarthritis of knees, edema, cramp, and spasm. Continue medications. T. 348-350. On April 19, 2018, the Plaintiff reported that he "still has frequent muscle cramps, worse to lower extremities.

Medication helps a little. Also reports frequent fatigue throughout the day, dyspnea on exertion, tachycardia with exertion, intermittent edema to lower extremities, severe low back pain, and frequent severe cramps. Exam revealed 1+ edema to lower extremities. Diagnoses: controlled essential hypertension, diabetes with unspecified complications, low back pain, bilateral primary osteoarthritis of knees, edema, cramp, and spasm. Continue medications. T. 345-47.

On May 14, 2018, Plaintiff presented with the following problem list: diabetes, mixed hyperlipidemia, major depressive disorder (recurrent, moderate), anxiety disorder, essential hypertension, bilateral primary osteoarthritis of the hips, low back pain, leg pain, paresthesia of skin, cramp and spasm, and edema. Reports severe pain in feet such that he cannot stay on feet, muscle cramps, dyspnea on exertion, chronic paresthesia to both feet, and chronic diaphoresis. Extremities showed 1+ edema with slight pitting. Type 2 diabetes with unspecified complications, controlled essential hypertension, mixed hyperlipidemia, paresthesia, bilateral osteoarthritis of the knees, cramp and spasm, low back pain, major depression, anxiety disorder, and long-term use of opiate analgesic. T. 342-44. On August 14, 2018, Plaintiff presented with continued pain in lower back, feet, and now the right shoulder. He is losing grip strength to right hand. Increased cramps to lower extremities. His diagnoses were: Type 2 diabetes mellitus with unspecified complications; Type 2 Diabetes mellitus with diabetic nephropathy, low back pain, essential hypertension, cramps and spasms, major depressive disorder, mild, recurrent, anxiety disorder, bilateral osteoarthritis of hips, mixed hyperlipidemia, and pain in right shoulder. Cannot afford testing. T. 355-58. Plaintiff's

medications at this time and throughout his treatment with Dr. Dennis were:

```
CURRENT MEDICATIONS
Lasix 40 mg tablet, Sig: tablets by mouth take 1 tablet daily and 1 tablet at 2pm as needed
gabapentin 800 mg tablet, Sig: 1 tablet by mouth three times a day
simvastatin 20 mg tablet, Sig: 1 tablet by mouth daily
Benicar HCT 40 mg-25 mg tablet, Sig: 1 tablet by mouth daily
metformin 1,000 mg tablet, Sig: 1 tablet by mouth twice a day
naproxen 500 mg tablet, Sig: 1 tablet by mouth twice a day
glimepiride 4 mg tablet, Sig: 1 tablet by mouth twice a day
Adult Aspirin 81 mg tablet, Sig: 1 daily
calcium citrate 1,000 mg tablet, Sig: 5 tablets daily
Fish Oil 1,000 mg capsule, Sig: 5 capsules daily
Basaglar KwikPen U-100 Insulin 100 unit/mL (3 mL) subcutaneous, Sig: units inject below the skin 50 units QHS
potassium chloride ER 20 mEq tablet,extended release(part/cryst), Sig: TAKE 2 TABLETS BY MOUTH DAILY
cyclobenzaprine 5 mg tablet, Sig: 1 tablet by mouth at bedtime
Zanaflex 4 mg tablet, Sig: 1 tablet by mouth twice a day as needed (PRN)
```

On September 21, 2021, a DDS non-examiner with access to plaintiff's medical records through 8/2018 found, with refence to plaintiff's reported "shoulder problems," that he was limited to frequent overhead reaching with the upper *left* extremity. Plaintiff continued thereafter to see Dr. Dennis in 2018 and 2019. On October 16, 2018, Dr Dennis found: Increased pain to right shoulder. Exam revealed brawny edema of the lower extremities Type II diabetes with unspecified complications, chronic low back pain, polyneuropathy with chronic pain, cramps and spasms of the lower extremities, major depression (recurrent and mild, not on medication) anxiety disorder (not on medication), chronic pain secondary to bilateral osteoarthritis of the hips, mixed hyperlipidemia, right shoulder pain, dermatitis, and long-term use of opiate analgesic. Pain in right shoulder. He needs MRI …

++pain with ROM to right shoulder.    Check MRI of right shoulder re: ++right shoulder pain.

An MRI of the right shoulder taken October 30, 2021 showed "primary osteoarthritis of the right shoulder. Prominent degenerative spurring of the AC joint. . . . A small joint effusion is noted."

T. 375-78 and 387-89. On January 21, 2019, Plaintiff showed "[n]o change in condition." Type II diabetes with unspecified complications, chronic low back pain, polyneuropathy with chronic pain, cramps and spasms of the lower extremities, major depression (recurrent and mild, not on medication) anxiety disorder (not on medication), chronic pain secondary to bilateral osteoarthritis of the hips, mixed hyperlipidemia, right shoulder pain (likely rotator cuff, but cannot afford testing), dermatitis, and long-term use of opiate analgesic. T. 379-82. On March 26, 2019, Plaintiff continued to experience problems. Now has dizziness when standing, as well as dyspnea on exertion. Height 73 inches and weight is 375 pounds. Unable to walk to any degree due to pain in bilateral knees secondary to osteoarthritis. T. 383-86.

Plaintiff's treating physician, Dr. Dennis, completed a Medical Assessment on April 15, 2019. In the opinion of Dr. Dennis, Plaintiff is unable to frequently lift due to neuropathy in both hands. Plaintiff is able to occasionally lift and carry a maximum of 10 pounds. Due to edema and circulation problems, Plaintiff is unable to stand and walk a total of 1-2 hours in an 8-hour workday, only 10-15 minutes without interruption. Plaintiff's ability to sit is not affected, however, he should elevate his legs 2-3 times daily for a period of 1 hour each time. Plaintiff can never climb, kneel, or crawl. He can occasionally crouch and stoop. He can frequently balance. Plaintiff is limited in his ability to reach in all directions, as well as in his ability to perform fine and gross manipulation, such as handling, fingering, and feeling. Due to neuropathy, Dr. Dennis noted Plaintiff could only seldomly handle, finger, and feel and he could never reach overhead. Dr. Dennis also noted Plaintiff is further limited due to pain in his knees and lower back. As a result of his medical impairments and treatments, Plaintiff is expected to miss more than 3 workdays per month. Dr. Dennis noted the above-mentioned limitations are supported by objective medical evidence, as well as by subjective complaints. T. 291-96.

The ALJ issued an Unfavorable Decision on June 5, 2019. T. 9-20. The ALJ found Plaintiff had the severe impairments of obesity, diabetes mellitus II, arthralgia of the feet and legs, neuropathy of the hands and feet, lumbago, cervicalgia, status-post cervical spine surgery, and edema of the feet and legs. (Page 14). The ALJ found the non-severe impairments of status-post left hip replacement, hypertension, dyspnea, anxiety, and depression. T. 15. The ALJ developed a light exertional Residual Functional Capacity with the ability to perform the full range of light work as defined in 20 CFR 404.1567(a) and 416.967(a). T. 17. With respect to the upper right extremity (or the left for that matter), the ALJ found no limitations on reaching overhead (or in any other direction).

"Substantial evidence" is a term of art used to "describe how 'an administrative record is to be judged by a reviewing court.'" *T-Mobile S., LLC v. City of Roswell*, 574 U.S. 293 (2015) (quoting *United States v. Carlo Bianchi & Co.,* 373 U.S. 709 (1963)). As the Supreme Court recognizes, "the orderly functioning of the process of [substantial-evidence] review requires that the grounds upon which the administrative agency acted be clearly disclosed." *Id.* (quoting *SEC v. Chenery Corp.*, 318 U.S. 80 (1943)). We cannot exercise this review unless the record advises us "of the considerations underlying the [agency] action. . . ." *Chenery*, 318 U.S. at 94. And this record must be "[c]omplete." *Beaumont, S. L. & W. Ry. Co. v United States*, 282 U.S. 74, 86 (1930); accord *T-Mobile*, 574 U.S. at 301-02. Just as a lower court must "fully. . . state" all of its reasons, so too must an agency set forth theirs. *Beaumont*, 282 U.S. at 86; *Schofield v. Saul*, No. 18-11390, 2020 WL 862430, at *3 (5th Cir. Feb. 21, 2020). While substantial evidence is less than a preponderance of the evidence, the agency's decision must still be supported by "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Consol. Edison Co. of N.Y. v. NLRB*, 305 U.S. 197, 229 (1938). *Schofield v. Saul*, No. 18-11390, 2020 WL 862430,

at *3 (5th Cir. Feb. 21, 2020). This court's inquiry is whether the record, as a whole, provides sufficient evidence that would allow a reasonable mind to accept the conclusions of the ALJ. *Richardson v. Perales*, 402 U.S. 389, 401 (1971).

There is no substantial evidence to support a finding that Plaintiff can reach overhead with the right upper extremity. On the contrary, the record reflects that though Plaintiff's complaints of right upper extremity pain and limited right shoulder range of motion were noted as early as 2016, it was not until August 2018, and afterwards, that the complaints became more severe, requiring an MRI to be performed of the upper right extremity on October 30, 2021. The MRI, as noted above, revealed abnormalities reviewed only by the performing radiologist and Plaintiff's treating physician, Dr. Dennis, who opined in a medical source statement dated April 15, 2019 that Plaintiff could not reach overhead with either upper extremity.

The ALJ does not rely on any referenced medical record – from an examiner or a non-examiner – to support his finding that the plaintiff has an unlimited capacity to reach overhead with the right or (for that matter) the left upper extremity – and there is none. Moreover, the assertions the ALJ does offer to support this capacity are demonstratively incorrect. Specifically, the ALJ's assertion that "no imagery demonstrated that the plaintiff suffers from any degenerative disc or joint disease" is not accurate-- there *is* such imaging and it deals specifically with the upper right extremity.

Nor is the ALJ's boilerplate assertion that Plaintiff's "diabetes is controlled" support for this portion of the RFC. First of all, as demonstrated by the above chronology, Plaintiff's diabetes was *un*controlled as noted by Dr Sherin, the consultive examiner and at multiple exams. In fact, every single time plaintiff's blood glucose levels were checked and the results reported, they were uncontrolled. And, finally, the ALJ's assertion that Plaintiff's medical records do not reflect any

long-term complications from diabetes is not only unsupported by – but contradicted by – the medical records. According to the medicals, Plaintiff who is a type II, chronic insulin dependent diabetic, also suffers from diabetic neuropathy, a complication affecting the nerves, particularly the extremities, and diabetic nephropathy. The later complication affecting the kidneys and circulatory system often resulting in, among others, edema. All complications well documented in the medical records and noted in the above chronology. Moreover, Plaintiff was regularly diagnosed with "type 2 diabetes with unspecified complications" including, among other diagnoses polyneuropathy, osteoarthritis, extremity pain and swelling, for which his providers have prescribed opiates so chronically that he is also diagnosed as a long-term and current user of opiate analgesics.

For the going reasons, the court finds that the RFC is not supported by substantial evidence and the case is reversed with instructions to have a medical expert review the entirety of the medical records for the relevant period, including the MRI or the upper right extremity, and Dr. Dennis's medical source statement to provide a function-by-function analysis.

**DECIDED** this, the 29th day of April, 2021.

/s/ Jane M. Virden

**UNITED STATES MAGISTRATE JUDGE**